IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN IAN MARTIN, | : | |
| GDC No. 1000405303, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-211-WSD-JSA |
| GLEN JOHNSON, Warden, | : | |
|     Respondent. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Hancock State Prison in Sparta, Georgia, has filed this federal habeas corpus action in which he attempts to challenge his 2010 Cobb County convictions and sentences. The matter is presently before the Court on: (1) the petition and brief in support [Docs. 1, 5]; (2) the answer-response with accompanying exhibits [Docs. 6, 8]; (3) Respondent's motion to dismiss the petition for lack of exhaustion [Doc. 7]; (4) Petitioner's response [Doc. 9]; Petitioner's request for an evidentiary hearing and appointment of counsel [Doc. 11]; and (5) Respondent's response to Petitioner's request [Doc. 10].

I.  Procedural History

On October 20, 2010, a Cobb County jury convicted Petitioner of felony murder, aggravated assault, and one count of possession of a knife during the

commission of a crime.[1]  (Doc. 8, Att. 1, at 5-6).[2]  On that same date, Petitioner was sentenced to life plus five years.  (*Id.*).

Through new counsel, Petitioner filed a direct appeal and raised the following enumerations of error:

(1) trial counsel provided ineffective assistance by:

   (a) failing to redact a portion of Petitioner's videotaped interrogation in which Petitioner invoked his right to counsel;

   (b) failing to redact a portion of Petitioner's videotaped interrogation in which Petitioner asked God to have mercy on his soul;

(2) the trial court erred in:

   (a) depriving Petitioner of his constitutional right to testify in his own defense by improperly cutting off Petitioner's direct examination relating to self-defense;

   (b) failing to present the stipulations to the jury during the actual trial;

---

[1] Petitioner was acquitted of murder and an additional count of possession of a knife during the commission of a crime.  (Doc. 8, Att. 1, at 5-6).

[2] All documents are referenced according to the attachment number and page numbers given by the Adobe File Reader linked to the Court's case file database ("CM/ECF").

2

    (c)    failing to suppress Petitioner's "un-Mirandized" statements at the time he was arrested as the booking exemption did not apply; and

    (d)    failing to charge the jury on voluntariness and *Miranda* in regards to Petitioner's "un-Mirandized" statements at the time of his arrest.

(Doc. 7, Att. 2).

The Georgia Supreme Court affirmed Petitioner's convictions on April 24, 2012. *Martin v. State*, 725 S.E.2d 313 (2012). Petitioner did not file an application for certiorari with the United States Supreme Court or a state habeas petition.

Petitioner executed the instant federal habeas petition pursuant to 28 U.S.C. § 2254 on January 10, 2013, and raises the following issues:

(1)    Respondent has deprived Petitioner of his right of access to the courts by failing to provide adequate supplies, a competently staffed prison library, or legal assistance;

(2)    Petitioner's appellate counsel provided ineffective assistance by failing to protect Petitioner's Sixth Amendment rights;

(3)    the trial court deprived Petitioner of his constitutional right to testify in his own defense; and

    (4) Petitioner's trial counsel and the trial court failed to provide, request, order, or demand a competency hearing, as provided by constitutional and state law.

(Docs. 1, 5).

  Respondent has filed a motion to dismiss for lack of exhaustion [Doc. 7], and argues that Petitioner has raised new claims that he did not raise on appeal and that Petitioner has an available state remedy of a state habeas petition in which he can exhaust all of his claims. Respondent also contends that Ground One of the petition fails to state a claim for habeas relief. Petitioner appears to claim that the fact that Respondent "hindered and impeded" Petitioner's efforts to present a habeas petition excuses his failure to exhaust his state court remedies. The undersigned agrees with Respondent that Ground One of the petition fails to state a claim for habeas relief, that the petition contains both exhausted and unexhausted claims, and that exhaustion is not excused.

## II. Discussion

  Pursuant to 28 U.S.C. § 2254(b)(1)(A), this Court cannot grant a writ of habeas corpus unless the petitioner "has exhausted the remedies available in the courts of the State." A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to

4

AO 72A
(Rev.8/82)

raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before seeking federal habeas corpus relief, "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010).

The federal habeas statute allows exhaustion to be excused when "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). Such "circumstances," however, do not include a petitioner's own failure to raise issues in the state proceedings. *Cf. Cook v. Florida Parole and Prob. Comm'n*, 749 F.2d 678, 680 (11th Cir. 1985) (stating that a court should not excuse exhaustion where a delay is attributable to the petitioner, rather than the state).

Federal review of a petition that contains exhausted and unexhausted claims, a mixed petition, is foreclosed when the state contests exhaustion, and the petition should either be: (1) dismissed for lack of complete exhaustion; (2) allowed to proceed, if the petitioner dismisses his unexhausted claims; or (3) in certain circumstances, stayed pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 274-78

5

(2005). When faced with a mixed petition, a district court should determine whether the interplay between the exhaustion requirement and the one-year limitation period threatens the loss of federal habeas corpus review. *Rhines*, 544 U.S. at 274-78. If that interplay does not threaten future federal review, the mixed petition may be dismissed without prejudice. *Id.* If the interplay threatens future federal review, the district court should consider a stay or, if a stay is unwarranted, allow the petitioner an opportunity to abandon the unexhausted claims. *Id.* (stating that a stay may be appropriate when a dismissal may deprive the petitioner of his opportunity for federal review and there was good cause for the petitioner's failure to exhaust his remedies before filing his federal petition, his claims are not plainly meritless, and there is no indication that the petitioner has been intentionally dilatory).

Here, the only claim that Petitioner exhausted in the state courts is his third ground for relief – *i.e.*, that the trial court deprived him of his right to testify – which he presented to the Georgia Supreme Court. Thus, the petition is a mixed petition. To the degree that this Court could construe Petitioner's ineffective assistance of appellate counsel claim raised in Ground Two as an attempt to demonstrate "cause" to excuse his failure to raise any of the unexhausted grounds

6

AO 72A
(Rev.8/82)

for relief in state court, however, that claim also is unexhausted.[3] *See Murray v. Carrier*, 477 U.S. 478, 489 (1986) ("The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court 'to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' . . . and that holds true whether an ineffective assistance claim is asserted as cause for the procedural default or denominated as an independent ground for habeas relief.") (internal citations omitted).

Moreover, as noted by Respondent, Petitioner's first ground for relief that he was deprived of his right to access the courts fails to state a claim for habeas relief because it does not challenge the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (stating that the federal habeas statute is "explicitly and historically designed to provide the means for a state prisoner to attack the validity of his confinement[.] . . ."). To the degree that Petitioner attempts to argue that the lack of: 1) adequate supplies, 2) a competently

---

[3] The Court notes that because Petitioner's claims in Ground Four that the trial court erred and trial counsel was ineffective in failing to secure a competency hearing were not raised on appeal, those claims would be procedurally defaulted in state court under O.C.G.A. § 9-14-48. *See, e.g., Turpin v. Todd*, 493 S.E.2d 900, 905 (Ga. 1997). Petitioner, however, may be able to demonstrate cause and prejudice in state court to excuse the procedural default. *Id.*

7

staffed law library, and 3) legal assistance constitute circumstances to excuse exhaustion, Petitioner has not indicated how these alleged inadequacies prevented him from filing a state habeas petition when despite those alleged inadequacies Petitioner was able to file the instant federal habeas petition. *See, e,g., Crow v. Hatch*, No. CIV.08-1039 (PJSFLN), 2008 WL 2277832, at *2 (D. Minn. Apr. 15, 2008) (rejecting petitioner's claim that exhaustion should be excused where prison authorities allegedly impeded his access to the courts, because "Petitioner obviously has been able to present his claims for relief in this Court in his current federal habeas corpus petition, and he has failed to explain why he could not just as easily present those same claims to the state trial court in a state post-conviction motion."). *See also Daniel v. McQuiggin*, 678 F. Supp. 2d 547, 552 (E.D. Mich. 2009) (rejecting petitioner's claim that prison officials' interference with his access to the courts constituted cause to excuse his procedural default of certain claims where, *inter alia*, he was able to file a federal habeas petition); *Edwards v. Mitchem*, No. 2:06-CV-177-WKW, 2008 WL 5114319, at *11 (M.D. Ala. Dec. 4, 2008) ("[N]either alleged inadequate prison law libraries nor limited access thereto, standing alone, establishes cause necessary to excuse a procedural default.").

8

In short, Petitioner has not presented any reasons that would excuse his lack of exhaustion of Grounds Two and Four, and he cannot proceed in this Court on a mixed petition. Nor does Petitioner provide any indication that he intends to abandon his unexhausted claims. Rather than dismiss the petition without prejudice, therefore, the undersigned finds that a stay is appropriate in this case. Petitioner's convictions became final on July 23, 2012, when the ninety-day period to seek a writ of certiorari in the United States Supreme Court expired. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Because this federal petition does not serve to toll the one-year limitation period, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), and because Petitioner did not file a habeas petition during the limitation period which would serve to toll that period under 28 U.S.C. § 2244(d)(1), Petitioner's limitation period expired on July 22, 2013. Thus, if the Court were to dismiss the petition without prejudice to allow Petitioner to return to the state courts to exhaust his claims, any federal petition Petitioner would file after he completed state collateral review would be untimely.

Petitioner's lack of exhaustion in this case does not appear to be due to any bad faith, his claims are not plainly meritless, and there is no indication that he has been intentionally dilatory. *See Rhines*, 544 U.S. at 279 (Stevens, J., concurring)

9

(the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner.") (internal citation omitted). *See also Kelley v. Humphrey*, No. 1:12-CV-262-SCJ (N.D. Ga. 2013), at Docket No. 19 (denying the respondent's motion to dismiss, granting stay under *Rhines* and administratively closing mixed petition); *Rankin v. Norris*, No. 5:06CV00228JMM, 2009 WL 1973475, at *4-5 (E.D. Ark. July 8, 2009) (granting stay under *Rhines* and holding, in part, that the petitioner's unexhausted claims are potentially meritorious because they are "plainly not without merit," with no analysis of the merits underlying the claims). Accordingly, Respondent's motion to dismiss should be denied, and this action should be stayed. *See Thompson v. Secretary for Dep't of Corr.*, 425 F.3d 1364, 1366 (11th Cir. 2005) (holding that district court's offer to allow petitioner to delete unexhausted claims and proceed with exhausted claims should only be made if a stay of the petition is unwarranted); *see also Delaney v. Matesanz*, 264 F.3d 7, 14 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely.").

10

III.     Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Respondent's motion to dismiss for lack of exhaustion [Doc. 7] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Ground One of the petition be **DISMISSED** for failure to state a habeas claim.

**IT IS FURTHER RECOMMENDED** that the remainder of this action (Grounds Two, Three, and Four) be **STAYED** and that the Clerk **ADMINISTRATIVELY CLOSE** the action. **IT IS FURTHER RECOMMENDED** that Petitioner be required to file a motion to reopen this action within thirty days of the conclusion of his state habeas corpus action.

**IT IS ORDERED** that Petitioner's request for an evidentiary hearing and appointment of counsel [Doc. 11] be **DENIED AS MOOT**.

**IT IS SO RECOMMENDED AND ORDERED** this 15th day of August, 2013.

                                                                    _____
                                                                    JUSTIN S. ANAND
                                                                    UNITED STATES MAGISTRATE JUDGE