IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVIN IAN MARTIN,
GDC No. 1000405303,

        Petitioner,

v.                                    1:13-cv-211-WSD

GLEN JOHNSON,
Warden

        Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [12] on Petitioner Kevin Ian Martin ("Petitioner")'s Petition for Writ of Habeas Corpus [1] and on Respondent Glen Johnson ("Respondent")'s Motion to Dismiss for Lack of Exhaustion [7].

**I.    BACKGROUND**

Petitioner is an inmate at the Hancock State Prison in Sparta, Georgia. On October 20, 2010, he was convicted in Cobb County, Georgia, for felony murder, aggravated assault, and one count of possession of a knife during the commission of a crime, and was sentenced to life plus five years. Petitioner appealed, and on

April 24, 2012, the Georgia Supreme Court affirmed Petitioner's conviction. Petitioner did not file an application for certiorari with the United States Supreme Court or a state habeas petition. On January 18, 2013, Petitioner filed this federal habeas petition, pursuant to 28 U.S.C. § 2254, and raises the following issues:

> i) Respondent has deprived Petitioner of his right of access to the courts by failing to provide adequate supplies, a competently staffed prison library, or legal assistance;
>
> ii) Petitioner's appellate counsel provided ineffective assistance by failing to protect Petitioner's Sixth Amendment rights;
>
> iii) the trial court deprived Petitioner of his constitutional right to testify in his own defense; and
>
> iv) Petitioner's trial counsel and the trial court failed to provide, request, order, or demand a competency hearing, as provided by constitutional and state law.

On March 4, 2013, Respondent moved to dismiss this action, arguing that Petitioner failed to exhaust his state-court remedies and that Petitioner's first asserted ground for relief does not state a claim for habeas relief. On August 15, 2013, the Magistrate Judge issued an R&R and recommended that the first ground for relief be dismissed and, because Petitioner failed to exhaust his state remedies, that this action be stayed. Petitioner did not file any objections to the R&R.

**II.     DISCUSSION**

　　A.     Standard of Review on a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'"  Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Because Petitioner does not object to the R&R, the Court reviews it for plain error.

B. <u>Analysis</u>

1. *Exhaustion of state court remedies*

A federal court cannot grant habeas relief unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before seeking federal habeas corpus relief, "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>Mason v. Allen</u>, 605 F.3d 1114, 1119 (11th Cir. 2010).

Petitioner here has not presented his asserted grounds for relief to the state courts of Georgia, with the exception of his claim that the trial court deprived him of his right to testify, which was presented on direct appeal to the Georgia Supreme Court. When a habeas petition includes both unexhausted and exhausted claims, and the state contests exhaustion, as Respondent here does, the federal court must: (i) dismiss the petition for lack of complete exhaustion; (ii) allow the action to proceed, if the petitioner dismisses his unexhausted claims; or (iii) stay the action

until the petitioner exhausts his claims in state court.  <u>Rhines v. Weber</u>, 544 U.S. 269, 274-78 (2005).

The Court must consider whether dismissing this action would threaten federal review because of the one-year limitation on filing habeas petitions. <u>Rhines</u>, 544 U.S. at 274-78.  Petitioner's convictions became final on July 23, 2012, when the ninety-day period to seek a writ of certiorari in the United States Supreme Court expired, <u>see</u> <u>Stafford v. Thompson</u>, 328 F.3d 1302, 1303 (11th Cir. 2003), and so Petitioner's limitation period expired on July 22, 2013.  If this action is dismissed without prejudice, Petitioner will be unable to timely file a federal habeas petition after the Georgia courts complete their review of Petitioner's state habeas petition.  The Court thus concludes that it is appropriate and necessary to stay this action, and Respondent's motion to dismiss is denied.

    2.    *Petitioner's first ground for habeas relief*

Respondent argues that Petitioner's first asserted ground for relief – that Respondent has deprived Petitioner of his right of access to the courts by failing to provide legal assistance and an adequate law library– does not state a claim for habeas relief because it does not challenge the fact or duration of his confinement. The Court agrees.  The federal habeas statute is "explicitly and historically designed to provide the means for a state prisoner to attack the validity of his

5

confinement[.] . . ." See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Petitioner's first ground for relief is required to be dismissed.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Kevin Ian Martin's Petition for Writ of Habeas Corpus [1] is **STAYED**. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this action. Petitioner is required to move to reopen this action within thirty (30) days of the conclusion of his state habeas action.

**IT IS FURTHER ORDERED** that Respondent Glen Johnson's Motion to Dismiss for Lack of Exhaustion [7] is **DENIED**.

**SO ORDERED** this 11th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE